## J. E. Boyle, Appellee, v. The Inter Insurance Exchange of the Chicago Motor Club, Appellant.

### Gen. No. 9,616.

Opinion filed October 29, 1948. Released for publication November 24, 1948.

GRAHAM & GRAHAM, of Springfield, for appellant; H. C. DILLON, of Chicago, of counsel.

LOREN SULLIVAN, of Springfield, for appellee.

MR. PRESIDING JUSTICE DADY delivered the opinion of the court.

A judgment for $600, based on a jury verdict, was entered in the circuit court in favor of plaintiff and against defendant. Before entry of judgment a motion by defendant for judgment in favor of the defendant notwithstanding the verdict was denied. Defendant brings this appeal.

On March 29, 1946, defendant issued to plaintiff a policy of insurance expiring March 29, 1947, covering damages to plaintiff's automobile and limited damages for personal injuries and expenses.

The policy stated that the residence address of plaintiff was Cantrall, Illinois. From the date of the issuance of the policy until about October 1, 1946, that was plaintiff's residence address.

On February 26, 1947, in an accident plaintiff was injured and his automobile practically demolished. This suit was brought on such policy for damages arising out of such accident.

The only defense is the contention of defendant that the policy was duly cancelled by defendant as of November 28, 1946.

. The policy contained a provision which read:

"I—This policy may be cancelled by the Subscriber by mailing written notice to the Exchange stating when thereafter such cancellation shall be effective. This policy may be cancelled by the Exchange by mailing written notice to the Subscriber at the address shown in this policy stating when, not less than five days thereafter, such cancellation shall be effective. Whether cancelled by the Subscriber or the Exchange, the Exchange shall, upon demand, refund the excess of premium paid by such Subscriber above the prorata premium for the expired term. The mailing of notice as aforesaid shall be sufficient proof of notice and the insurance under this policy as aforesaid shall end on the effective date and hour of cancellation stated in the notice. Delivery of such written notice either by the Subscriber or by the Exchange shall be equivalent to mailing."

There was no provision of such policy inconsistent with said quoted provision.

We have carefully read the evidence and are of the opinion that the uncontradicted evidence clearly shows that on November 21, 1946, the defendant mailed from its Chicago office a letter, postage prepaid, addressed to the plaintiff, "J. E. Boyle, Cantrall, Ill.," containing a cancellation notice signed by defendant, notify-

ing plaintiff that the policy in question would be cancelled and all liability of defendant thereunder cease on November 28, 1946, and that the unearned premium, if any, would be paid to plaintiff on proper demand. The plaintiff and his wife testified that no such letter or notice was ever received by plaintiff.

No premium was ever returned to plaintiff and the evidence does not show any demand for payment thereof.

When the uncontradicted evidence of facts consistent with every fact which the evidence for the plaintiff tends to prove, shows a complete defense, the court is justified in entering a judgment for the defendant notwithstanding the verdict. (*Merlo v. Public Service Co. of Northern Illinois*, 381 Ill. 300, 311.) It is the duty of the court to construe an insurance policy as made and not to make a new contract for the parties. (*Coons v. Home Life Ins. Co. of New York*, 368 Ill. 231.) Under such an insurance policy the mailing of the cancellation notice terminates the policy on the date set forth in the notice and this is true whether the insured actually receives the notice, or not, (*Gendron v. Calvert Fire Ins. Co.*, 47 N. Mex. 348, 143 P. (2d) 462, 149 A. L. R. 1310; *Appleman, Automobile Insurance*, page 476; *Aetna Ins. Co. v. Aviritt* (Tex. Civ. App.), 199 S. W. (2d) 662; *Sorensen v. Farmers Mut. Hail Ins. Ass'n of Des Moines*, 226 Iowa 1316, 286 N. W. 494; *St. Paul Fire & Marine Ins. Co. v. C. I. T. Corp. for use of Houston*, 55 Ga. App. 101, 189 S. E. 390; *Home Ins. Co. of New York v. Jones*, 192 Ark. 916, 95 S. W. (2d) 894; *California–Western States Ins. Co. v. Williams* (Tex. Civ. App.), 120 S. W. (2d) 844; *Raiken v. Commercial Casualty Ins. Co.* (N. J.), 135 Atl. 479 and under such a policy receipt of the unearned premium by the assured is not necessary to complete the cancellation. (*Leslie v. Standard Accident Ins. Co.*, 327 Ill. App. 343.)

■ Applying the foregoing rules of law to the uncontradicted facts, it is our opinion that a complete defense was shown by defendant and that the trial court erred in not entering judgment for the defendant notwithstanding the verdict.

Therefore the judgment of the trial court is reversed.

*Reversed.*