The County of Williamson, State of Illinois, Plaintiff-Appellee, v. Standard Accident Insurance Company, an Insurance Corporation, et al., Defendant-Appellant.

Gen. No. 61–M–12.

Fourth District.

November 9, 1961.

Jay B. Stringer, of Mt. Vernon, for appellant.

Carl D. Sneed, State's Attorney, Williamson County of Marion, and Robert L. Butler, Assistant State's Attorney, Public Square, of Marion, for appellee.

SCHEINEMAN, J.

The Standard Accident Insurance Company, defendant, had issued a policy to plaintiff, Williamson County, in 1956, covering motor vehicles. About a year later, plaintiff's truck was involved in a collision,

but when the defendant received notice of it, defendant replied there was no coverage under the policy, because it had been cancelled some months before. Plaintiff brought this suit for declaratory judgment, and obtained a favorable verdict of a jury, upon which judgment was entered, declaring the policy was in effect at the time of the collision.

The policy contained provisions for cancellation by the insured and by the company, of the latter the pertinent parts are as follows:

"This policy may be cancelled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. . . . Payment or tender of unearned premium is not a condition of cancellation."

The address of the insured stated on the policy was: "Williamson County Highway Department, Marion, Williamson, Illinois." This is not disputed. An employee of the defendant stated she had prepared the notice of cancellation, dated February 11, 1957, giving notice the policy was cancelled as of February 22, 1957, at 12:01 a. m. Standard Time. She addressed it to the address shown on the policy and delivered the envelope to another employee. He testified to receiving the letter and that he delivered it to the post office in Chicago, affixed the required postage and received a receipt from the clerk with the official post office stamp. The receipt was produced and admitted in evidence.

This testimony is not contradicted. Testimony for the plaintiff was that insured's correct address is:

"Williamson County Highway Department, Williamson County, Marion, Illinois," rather than as shown on the policy. The highway Commissioner testified he did not receive the notice, and knew nothing of the cancellation until he gave notice of loss. This is all there is pertaining to the alleged cancellation.

There has been a great deal of litigation over insurance cancellations. A comprehensive annotation on the subject appears in 64 ALR2d 982. There are several types of cancellation clauses, the type involved here is discussed beginning on page 1000. The rule supported by the great weight of authority is that the express terms of the contract make the notice of cancellation sufficient when deposited, and that the provision of the policy being unambiguous, must be enforced by the courts as written. Many of the decisions state that the parties have by their contract, in effect, constituted the government in its business of operating the mails, the agent of the insured for the purpose of receiving the notice of cancellation.

In Boyle v. Inter Ins. Exchange of Chicago Motor Club, 335 Ill App 386, 82 NE2d 179, there was a cancellation clause practically identical with the one here. It was held that, under a policy containing a clause as stated, the mailing of the cancellation notice terminates the policy on the date set forth in the notice and this is true whether the insured actually received the notice or not. The opinion adheres to the principle that it is the duty of the court to follow the policy as made and not to make a new contract for the parties.

In the case of Scapes v. Orr, 2 Ill App2d 363, 119 NE2d 479, involving a similar cancellation clause, it was held that mailing of the notice constituted a proper and effective cancellation.

■ The policy in this case was issued July 2, 1956, so that the plaintiff had possession of the original policy for some seven months before the cancellation, and now makes no claim that any objection was ever made by it to the address shown in the policy. Policies of insurance are contracts in writing, so that a party will not be heard to say that he did not know what was in the contract.

In Raiken v. Commercial Ins. Co. (New Jersey) 135 A 469, the court held it was powerless to give force to the contracts of parties except as they appear in the writings themselves. "The plaintiff was bound by the policy as it was written unless on its receipt she promptly examined it and notified the company of the incorrect address and refused to accept it. She must stand upon her rights as they are made in the contract." This rule was recognized also in Duff v. Secured Fire & Marine Ins. Co., 227 SW2d 257 (Texas).

In another case, the evidence disclosed that an insured had discovered there was an error in his stated address in his policy. He went to the agent who had supplied the policy, and told him of the mistake. The agent stated he would notify the company to make a correction in their records, but failed to do so. Under these facts, the court held a notice of cancellation later mailed to the erroneous address was not effective, because the mistake was due to "fraud, mistake or negligence of the insurer." Irving v. Sunset Mut. Life Ins. Co., 41 P2d 194 (Cal). Otherwise the court did not depart from the general principle that notice mailed, as specified in the policy, is a compliance with its terms.

■ The undisputed evidence was that the company had complied with the terms of the policy as written, which is the requirement of the law. There was no evidence that it was requested or notified to

address the mail elsewhere, so there was no question of fact to submit to the jury. The judgment declaring the policy in force after the effective date of cancellation is reversed.

Judgment reversed.

HOFFMAN, P. J. and CULBERTSON, J., concur.