WINFIELD BATES *et al.*, Plaintiffs-Appellees, v. MERRIMACK MUTUAL
FIRE INSURANCE COMPANY, Defendant-Appellant.

Fourth District   No. 4—92—0255

Opinion filed December 17, 1992.—Rehearing denied January 21, 1993.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T.
Ferrini, Frank L. Schneider, Susan Condon, and Jennie R. Lipowich, of
counsel), for appellant.

William B. Lawrence, of Markowitz & Lawrence, of Bloomington, for appellees.

JUSTICE LUND delivered the opinion of the court:

Plaintiffs Winfield Bates and Julia Bates brought this action against defendant Merrimack Mutual Fire Insurance Company, seeking recovery under an insurance policy for fire loss. Defendant claimed the policy was cancelled prior to the fire. The jury in the circuit court of McLean County held for plaintiffs, and a judgment in the amount of $16,939 was entered against defendant. The trial court also awarded plaintiffs certain attorney fees and costs relating to out-of-State depositions. Defendant appeals, contending there was sufficient proof of mailing of cancellation notice, and plaintiffs' failure to receive notice did not avoid the cancellation. Defendant also contends the trial court erred in awarding plaintiffs' attorney fees and expenses incurred for travel to Massachusetts to obtain evidence depositions of defendant's employees. We reverse.

Defendant had insured plaintiffs' property through June 1, 1989. In May 1988, defendant decided to cancel the policy after receiving notice of an increase in hazard due to the poor condition of the property. On May 13, 1988, defendant's employees prepared a notice of cancellation, effective June 15, 1988, and allegedly mailed this notice the same day by certified mail. Plaintiffs claim this notice was never received. Four days later, on May 17, 1988, defendant sent plaintiffs a "cancellation memo" by regular mail. Plaintiffs received this memo and wrote a note on the envelope to the effect that his policy was being cancelled on June 15, 1988. On June 10, 1988, defendant notified plaintiffs it was refunding the unearned premium on the policy, and plaintiffs received this notice about two days later. Because the return receipt on the original notice of cancellation was never returned to defendant, another "cancellation memo" was sent to plaintiffs on June 18, 1988, three days after the policy had been cancelled. The refund check was mailed on June 28, 1988, and, after they received it, plaintiffs wrote on the envelope that the check was received on July 2, 1988. Plaintiffs' property was damaged by fire in the early morning of July 2, 1988.

Policy cancellation is controlled by a combination of the policy terms and statutory provisions. The policy introduced into evidence, upon plaintiffs' motion and without objection (plaintiffs' exhibit No. 3), provided under paragraph 17(b) in part as follows:

"We may cancel this policy only for the reasons stated in this condition by notifying you in writing of the date cancellation takes effect. This cancellation notice may be delivered to you, or mailed to you at your mailing address shown in the Declarations. Proof of mailing shall be sufficient proof of notice."

From our examination of the pleadings, it appears that the cancellation clause in plaintiffs' exhibit No. 3 was inconsistent with defendant's affirmative defense allegations, which were admitted by plaintiffs. The affirmative defense alleged:

"A. Its policy of insurance provides in part:

17. Cancellation. Subparagraphs b. and c. are deleted and the following substituted.

b. We may cancel this policy as provided in this condition. The cancellation notice, together with our reason for cancellation, will be mailed to you at your last mailing address known by us, and we will obtain a certificate of mailing."

Defendant's jury instruction No. 12 (revised) contained the relevant statutory provisions and provided:

"There was in force in the State of Illinois at the time of the occurrence in question a certain Statute, Ill. Rev. Stat. ch. 73, §755.14[,] which provided that:

[']Notice of Cancellation. No Notice of Cancellation of any policy of insurance...shall be effective unless mailed by the Company to the named insured, at the last mailing address known by the Company. The Company shall maintain proof of mailing of such notice on a recognized U.S. Post Office form or a form acceptable to the U.S. Post Office.[']

and a certain Statute, Ill. Rev. Stat. ch. 73, §755.15, which provided that:

[']All Notices of Cancellation of insurance...must be mailed at least 30 days prior to the effective date of cancellation. All Notices of Cancellation shall include a specific explanation of the reason or reasons for cancellation.[']

If you find that Defendant has complied with the above statutory provisions then you should find for the Defendant and against the Plaintiffs, whether Plaintiffs received the Notice of Cancellation or not."

Plaintiffs did not object to the last paragraph of this instruction. On page 17 of their brief filed with this court, they state: "Plaintiff agrees that the statute and contract do not require that

the policyholder receive the notice of cancellation in order for a cancellation to be effective."

■ Courts of this State have held that where the insurance contract provides that " '[t]he mailing of notice as aforesaid, shall be sufficient proof of notice' " (or words similar thereto), the mailing terminates the policy regardless of receipt of the notice. (*Harms v. Travelers Indemnity Co.* (1963), 39 Ill. App. 2d 248, 250, 255-56, 188 N.E.2d 356, 357, 360; see also *County of Williamson v. Standard Accident Insurance Co.* (1961), 32 Ill. App. 2d 363, 365, 178 N.E.2d 149, 150; *Boyle v. Inter Insurance Exchange of the Chicago Motor Club* (1948), 335 Ill. App. 386, 388-89, 82 N.E.2d 179, 180; Annot., 64 A.L.R.2d 986-95, 1000, 1002 (1959).) We conclude both parties have agreed that receipt of the May 13, 1988, letter notice by plaintiffs was not necessary to cancel the policy and any position to the contrary is waived.

■ Plaintiffs contend insufficient evidence of mailing. Proof that a notice was properly filled out, coupled with evidence of an office custom with reference to the mailing of notices, is sufficient to constitute proof of mailing of the notice if there is some proof or corroborating circumstances to establish the fact that custom was followed in a particular case. (*Owl Electric Co. v. United States Fidelity and Guaranty Co.* (1971), 131 Ill. App. 2d 333, 336-37, 268 N.E.2d 493, 495-96.) Direct evidence of mailing or testimony of the mail clerk who performed the mailing is not necessary, given the routine nature of mailings of such notices, and personnel cannot be expected to remember a certain notice. Evidence of mailing practices is enough. *Kolias v. State Farm Mutual Automobile Insurance Co.* (1986), 148 Ill. App. 3d 1086, 1091, 500 N.E.2d 502, 505.

■ Defendant presented evidence of the office procedures and the delivery of letters to a postal employee. The notice in this case was listed on U.S. Post Office form No. 3877, together with three other notices. This form was prepared by defendant and, according to custom, was delivered to a postal employee at the Andover, Massachusetts, post office. Defendant's copy of the form was stamped "Andover, MA May 13, 1988, USPS," and the ink-stamped area was initialed. Evidence presented by the defendant sufficiently established preparation of the cancellation notice, preparation of the postal forms, and delivery to and acceptance by the post office.

Plaintiff contends the mailing was defective, pointing out that the post office failed to fill in blanks titled "Total Number of Pieces Received at Post Office" and "POSTMASTER, PER (*Name of receiving employee*)" on form No. 3877. The failure of the post office

to fill in certain blanks on its form No. 3877 does not render the form invalid for our purposes. The fact that it contains the name and address of plaintiffs, and was stamped and initialed by the post office, establishes adequate compliance with the proof-of-notice requirements under section 143.14 of the Illinois Insurance Code (Ill. Rev. Stat. 1987, ch. 73, par. 755.14). (See *Kolias*, 148 Ill. App. 3d at 1092, 500 N.E.2d at 506.) We find no evidence contradicting defendant's specific performance of mailing. Any evidence of nondelivery to the post office was speculation.

Noting the defects in the post office's preparation of its form No. 3877, plaintiffs argue that proof of defects in the mailing process opens the door to admission of evidence regarding nonreceipt. We disagree. Evidence of nonreceipt, based in part on plaintiffs' testimony and the absence of a return receipt, was not relevant to the mailing issue. (See *Harms*, 39 Ill. App. 2d 248, 188 N.E.2d 356.) As we have said, defendant's responsibility was mailing, not delivery. The failure of delivery, be it caused by the post office or plaintiffs, cannot be charged to defendant. The judgment against defendant must be reversed because of the policy cancellation prior to the fire.

According to the trial judge's order relative to attorney fees and expenses for the trip to Massachusetts for deposition purposes, plaintiffs would only be reimbursed if successful at trial. As a result of our decision, plaintiffs should not have been successful. Thus, the fee and expense judgment must be vacated.

Judgment for plaintiffs is reversed.

Reversed.

STEIGMANN, P.J., and KNECHT, J., concur.