**Fred Kanter, Plaintiff-Appellee, v. William Trueheart, Defendant, Prudence Mutual Casualty Company, Garnishee-Appellant.**

**Gen. No. 51,967.**

First District, Second Division.

October 15, 1968.

George F. Barrett, of Chicago (Edward Wolfe and John J. Reidy, of counsel), for appellant.

Gordon & Brustin, of Chicago (Robert E. Gordon, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Fred Kanter instituted this action to recover damages for injuries allegedly sustained as a result of a collision between automobiles operated by Kanter and by William Trueheart. Trueheart defaulted and judgment was entered against him in the amount of $2,000. Kanter then caused a writ of summons in garnishment to issue against Prudence Mutual Casualty Company, as Trueheart's automobile liability insurance carrier, to which Prudence Mutual answered "no funds." After a trial of the issues raised in connection with the garnishment summons, judgment was entered for Kanter in the amount of $2,000 and costs, from which Prudence Mutual prosecutes this appeal.

Prudence Mutual maintains that the policy of insurance which it had issued to Truehart had been canceled several days prior to the accident; that Truehart failed to cooperate with Prudence Mutual in the defense of the lawsuit as required by the terms of the insurance contract; and that the findings of the trial court are against the manifest weight of the evidence.

The record shows that during the latter part of November 1964, William Trueheart applied for, and was sold, an automobile liability insurance policy through Budget Insurance Agency of Chicago, written with the Prudence Mutual Casualty Company. It is disputed whether Budget Insurance was or was not an agent of Prudence Mutual. The policy period was to run from December 1, 1964, to December 1, 1965. Budget Insurance accepted a $20 down payment on the policy premium and arranged to finance the balance thereof through a finance company, the Premium Assistance and Finance Corporation, apparently officing in the same office as Budget Insurance; also involved was a second insurance firm, S. M. Simon & Company, which was allegedly the broker of the policy in question.

Truehart executed a contract with Premium Assistance and Finance Corporation, denominated the Premium

Assistance Plan, requiring him to retire the amount due thereunder in six monthly installments, the first of which was due December 15, 1964. The agreement provided in part that the "payee" named in the agreement was appointed attorney-in-fact for Trueheart to cancel the underlying policy of insurance, without notice to Trueheart, upon default in the payment of the installments. The policy of insurance provided that the policy could be canceled by the insured either by surrendering the policy to Prudence Mutual or any of its agents, or by mailing written notice to Prudence Mutual "when thereafter the cancelation shall be effective."

William Trueheart testified that he failed to make the installment payment which was due on December 15, 1964. He further testified that his automobile was involved in a collision with the Kanter automobile on December 21, 1964, and that on the same day he telephoned Prudence Mutual and informed the person to whom he spoke of the accident. He stated that he later received an accident report form through the mail which he took to Simon & Company where the form was completed and retained by Simon & Company. Some time later, Truehart testified, he received the complaint and summons in this action through the mail and again turned over the documents to Simon & Company. Truehart stated that on the day following the accident he went to Simon & Company and paid $20 toward his premium. He also stated that he received no notice of the cancelation of his insurance coverage until sometime in 1965.

Joseph Semper, claims manager for Prudence Mutual, testified that Trueheart's policy of insurance was "canceled flat" on December 22, 1964, pursuant to a notice received from Simon & Company, dated December 21, 1964, instructing Prudence Mutual to cancel the policy and bearing the notation "nonpayment of premium." Semper also stated that, although there was no formal report of the December 21st accident in the Trueheart file, there was

correspondence from Prudence Mutual to Kanter's attorney returning a medical report and a doctor bill which had been sent to Prudence Mutual in connection with the accident.

Lee J. Snitoff, a practicing attorney, testified that he was Trueheart's employer and that Trueheart was a "partner and works in my office as an assistant office manager." Snitoff stated that early in 1965 Trueheart came to him with the summons and complaint received in connection with this action and that he, Snitoff, telephoned Prudence Mutual concerning the matter and was told by Joseph Semper to forward the papers to Prudence Mutual. The witness stated he instructed his secretary to make three photostat copies of both papers, one set for Prudence Mutual, one for Trueheart and one for office use. Snitoff testified that he observed his secretary mail the photostat copies to Prudence Mutual in a properly addressed and stamped envelope. Snitoff also testified that he declined to represent Trueheart in this action, inasmuch as Trueheart had insurance coverage and would be represented by the insurance company's attorneys. Snitoff's secretary corroborated his testimony with respect to the photostating and mailing of the copies of the summons and complaint to Prudence Mutual; she further stated that the envelope in which the copies had been mailed were never returned to Snitoff's office by the post office.

Arnold Simon, an employee of Budget Insurance, testified that Trueheart applied for automobile liability insurance coverage through Budget Insurance Agency on November 27, 1964. The witness stated that, in order to finance the policy premium, Trueheart executed a Premium Assistance Plan form requiring him to make six monthly installment payments of $16.49, the first of which was due on December 15, 1964. A Premium Assistance ledger card entered into evidence, representing Trueheart's account, reflects that no payment was made on

December 15th; that the policy was "reinstated" on December 22nd; and that a payment of $20 was made on December 22nd. The ledger card further reflects that the policy was "flat canceled" in February 1965, and an appropriate premium credit noted thereon. Simon stated that Trueheart was sent a notice of the December 18th cancelation, although he was unable to locate any memorandum in the Trueheart file that such notice had been sent.

Simon further stated that when Trueheart made the $20 payment on December 22nd, he also informed Simon of the December 21st accident. An accident report was filled out in duplicate, one copy of which was retained by Simon and the other sent to the Bureau of Traffic in Springfield, Illinois. The witness further testified that the December 22nd written request made by Simon & Company to Prudence Mutual for reinstatement of the policy bore the notation that the policy had been originally "canceled in error." Simon also testified that, although it was the usual practice of the clients of Simon & Company to forward to the agency all legal notices, correspondence from attorneys, and the like, which they received, the agency never received a copy of the summons and complaint in this action.

Trueheart, in rebuttal, testified that the Premium Assistance Plan form which he signed when he initially applied for insurance coverage bore no inserted writing whatsoever, but only printed matters and blank spaces. Semper also testified in rebuttal and stated he did not recall having a telephone conversation with Snitoff concerning the lawsuit.

The trial court found that Trueheart's policy of insurance was in force and effect on the date of the accident, and that Prudence Mutual received notice of the accident and of the lawsuit through Snitoff.

The first contention raised by Prudence Mutual is that the policy of insurance issued by it to Trueheart had

been canceled for nonpayment of premium three days prior to the accident through the action of Trueheart's agent, Simon & Company, pursuant to the terms of the Premium Assistance Plan. We disagree.

■ Assuming, without deciding, that an insured may empower a third party to cancel a policy of insurance without notice to the insured, it is clear from the record that no cancelation of the policy was effected prior to the accident of December 21, 1964. The Premium Assistance Plan signed by Trueheart was an agreement solely between Premium Assistance and Finance Corporation and Trueheart. Prudence Mutual was in no way involved and the terms of the insurance policy remained intact insofar as cancelation of the policy was concerned. If Premium Assistance, Budget Insurance or Simon & Company were empowered to cancel the policy, it was incumbent upon them to act in accordance with the terms of the policy in that respect. The record is devoid of evidence showing that the policy was canceled prior to the date of the Kanter-Trueheart accident.

The terms of the policy of insurance regarding the cancelation by the insured provided that the policy either be surrendered to Prudence Mutual or any of its agents, or that the insured mail to the company written notice of when "thereafter the cancelation shall be effective." The policy further provided that the date designated in the written notice or the point at which the policy is surrendered shall be deemed the end of the policy period.

No evidence was introduced to indicate when the policy was surrendered to the company or when the notice of cancelation was mailed. While the notice of cancelation sent by Budget Insurance to Simon & Company bears the date of December 18, 1964, no copy of this notice was forwarded to Prudence Mutual. Moreover, the notice of cancelation sent by Simon & Company advising Prudence Mutual to cancel the policy was dated December 21, 1964, but there is no evidence of when that notice was

■■■■■■■■■■■■■

mailed nor is there any indication in the notice advising Prudence Mutual as to the effective date of termination. In fact, a space provided on the notice form following the words "effective date" was left blank. The only evidence in the record showing that a cancelation had been effected is the notation on the records of Prudence Mutual that the Trueheart policy had been "canceled" on December 22, 1964, one day after the Kanter-Trueheart accident.

The second point raised by Prudence Mutual is that, in any event, it is under no obligation to respond in damages inasmuch as Trueheart failed to cooperate with Prudence Mutual as required by the terms of the insurance contract in that he failed to notify Prudence Mutual of the pendency of this action.

■ ■ Trueheart testified that he turned over the complaint and summons filed in this action to Simon & Company after having received it through the mail; Attorney Snitoff and his secretary, on the other hand, testified that Trueheart turned over the documents to Snitoff and that copies were made of them and forwarded to Prudence Mutual by mail. Trueheart also testified that he filled out an accident report at Simon & Company several days after the accident, whereas Arnold Simon testified that the report was filled out the day following the accident, the same day Trueheart paid the additional $20 toward his premium. It was the trial court's opinion that Attorney Snitoff and his secretary were correct in their testimony and that they forwarded copies of the complaint and summons to Prudence Mutual. The matter of weight and credibility of the evidence is for the trier of fact (Estate of Bors, 83 Ill App2d 447, 453, 228 NE2d 127) and the court found that Prudence Mutual received notice of the lawsuit through Snitoff. The fact that Snitoff may have been Trueheart's attorney in the past goes only to the credibility of Snitoff as a witness, not to his competency.

■ The final point raised by Prudence Mutual, that the findings of the trial court are against the manifest weight of the evidence, is without foundation. As shown above, it was proven by competent evidence that Prudence Mutual received notice of the pendency of this action; furthermore, there is no evidence in the record that the Trueheart policy had been canceled prior to the date of the Kanter-Trueheart accident. Under these circumstances we are unable to say the findings of the trial court are against the manifest weight of the evidence.

For these reasons the judgment is affirmed.

Judgment affirmed.

McNAMARA and LYONS, JJ., concur.