DONNA ELLEGOOD, Plaintiff-Appellant, v. AMERICAN STATES INSUR-ANCE COMPANY, Defendant-Appellee.

Second District   No. 2—93—0490

Opinion filed August 17, 1994.

Larry K. Johnson, of Johnson, Leahy & Mengeling, Ltd., of Woodstock, for appellant.

Terry A. Takash and Scott W. Hoyne, both of Johnson & Bell, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Donna Ellegood, appeals the order of the circuit court of McHenry County denying her motion for summary judgment and granting summary judgment to defendant, American States Insurance Company, on a complaint for breach of contract and declaratory judgment. On appeal, plaintiff contends that the court erred in (1) determining that defendant had validly cancelled the policy, even though it had failed to notify the mortgagee; (2) refusing to apply a statutory amendment retroactively which required the insurer to give notice of cancellation to the mortgagee; and (3) finding that no issue of fact existed regarding defendant's failure to notify the mortgagee. We affirm.

Defendant issued to plaintiff a fire insurance policy which was to be effective from May 1, 1989, to April 30, 1990. The policy contains lengthy provisions regarding cancellation of the policy due to, among other reasons, nonpayment of the premiums. In relevant part, the policy provides that defendant will give 10 days' notice to the mortgage holder if it wishes to cancel the policy for that reason.

Plaintiff paid the first three premium installments, but missed the fourth. As a result, on or about February 2, 1990, defendant sent plaintiff a notice of cancellation. The parties do not dispute that plaintiff failed to make the fourth installment payment or that she received the notice of cancellation. As discussed below, the parties dispute whether defendant informed the mortgage holder, McHenry State Bank, of the impending cancellation of the policy.

At the time the policy was issued, Illinois statutes did not require the insurer to provide notice of the cancellation of the policy to the mortgagee. The legislature amended the relevant statute, effective August 30, 1989, to provide:

> "No notice of cancellation of any policy of insurance *** shall be effective unless mailed by the company to the named insured and the mortgage or lien holder, at the last mailing address known by the company." 215 ILCS 5/143.14 (West 1992).

On April 19, 1990, fire damaged the building covered by the policy. Plaintiff filed a claim which defendant denied. Plaintiff then

commenced this litigation. Her amended complaint contains three counts. Count I alleges that defendant breached the contract represented by the policy by failing to pay plaintiff's claim. Count II seeks a declaratory judgment that defendant's purported cancellation was ineffective for violating section 143.14. Count III also alleges a breach of contract and seeks damages alleged to result specifically from defendant's failure to notify the mortgage holder. Plaintiff alleges that had defendant notified the bank of the impending cancellation, the bank would have either paid the premium, charging it to plaintiff, or covered the property under a blanket policy maintained for that purpose.

The parties filed cross-motions for summary judgment. Defendant disputed plaintiff's allegation that it failed to notify the mortgagee but argued that, as a matter of law, any such failure would not affect the validity of the cancellation as to plaintiff. Alternatively, defendant disputed plaintiff's allegation that it failed to notify the mortgagee. The court granted defendant's motion for summary judgment and denied plaintiff's motion. Plaintiff perfected this appeal.

On appeal, plaintiff first contends that the court erred in implicitly finding that defendant did not breach its contract with plaintiff by failing to notify the mortgagee that it was about to cancel the policy. Relying on *Smith v. Richard* (1985), 134 Ill. App. 3d 378, plaintiff asserts that in order to cancel a policy for nonpayment of the premium, the insurer must comply strictly with the terms of the policy. Plaintiff further contends that she can establish damages as a direct result of defendant's failure to notify McHenry State Bank. Defendant responds that the duty it owed to the mortgage holder is separate from its duty to the insured and that the insured may not rely on its failure to notify the mortgagee to avoid cancellation of the policy as to her.

In *Dunbar v. National Union Fire Insurance Co.* (1990), 203 Ill. App. 3d 661, the court held that although the relevant statute required notice to third-party lienholders, the requirement was irrelevant to any duty owed to the insured. (*Dunbar*, 203 Ill. App. 3d at 665.) Therefore, the insurer's failure to notify the third-party lienholders did not affect the proper notice given to the insured. *Dunbar*, 203 Ill. App. 3d at 665.

Although the parties do not cite, and our research has not disclosed, any Illinois case which has addressed the precise issue presented here, the rationale of *Dunbar* appears to apply here as well. The vast majority of cases from other jurisdictions have held that the failure to notify the mortgagee does not affect an otherwise valid

cancellation as against the named insured. Some courts have gone so far as to hold that the requirement of notice to the mortgagee has the effect of making an independent contract with the mortgagee. (See *National Security Fire & Casualty Co. v. Mid-State Homes, Inc.* (Miss. 1979), 370 So. 2d 1351.) The purpose of the requirement of separate notice to the mortgagee is to allow the mortgagee to protect its insurable interest in the property by obtaining alternate insurance. One court explained this rule as follows:

"Notice to the insured and notice to the mortgagee have discrete purposes, however, and it is difficult to see how, as to the party who receives notice, a failure to give notice to the other, can be anything but merely formal." *Pierce v. Sentry Insurance Co.* (1981), 12 Mass. App. 124, 125-26, 421 N.E.2d 1252, 1253.

The only case reaching a contrary result, *State Farm Fire & Casualty Co. v. Stockton* (1988), 295 Ark. 560, 750 S.W.2d 945, turned on the interpretation of an Arkansas statute. The dissent argued persuasively, however, that the majority's literal reading of the statute produced an absurd result: "[T]he amendment which was designed to protect the lienholder's interest results in a completely unjustifiable windfall to the insured." *Stockton*, 295 Ark. at 568, 750 S.W.2d at 949 (Purtle, J., dissenting).

*Smith v. Richard*, on which plaintiff also relies, is also distinguishable. That case involved a liability policy issued to a contractor of the postal service. (*Smith*, 134 Ill. App. 3d at 380.) The insurer purportedly cancelled the policy, but neglected to inform the postal service, as the policy required. (*Smith*, 134 Ill. App. 3d at 382.) The contractor was then involved in an accident with a third party who sought a declaration of coverage under the policy. (*Smith*, 134 Ill. App. 3d at 380.) The court stated, "Particularly, where as here, the rights of a person injured by the insured are involved, strict compliance by the insurer with the policy provisions in regard to termination are [*sic*] required in order to relieve the insurer of coverage for liability of the insured." *Smith*, 134 Ill. App. 3d at 383.

Unlike *Smith*, this case does not involve the rights of third parties. McHenry State Bank is not seeking to enforce its separate rights under the policy. Rather, plaintiff, who admittedly received notice and failed to pay the premium, seeks to void defendant's purported cancellation based on the fortuitous fact that defendant is unable to establish that it notified the mortgagee. We agree with the *Stockton* dissent that this would result in an "unjustified windfall" to the insured.

■ Plaintiff further contends, however, that the amendment to section 143.14 of the Insurance Code (215 ILCS 5/143.14 (West 1992))

should be applied retroactively to require dual notices under her policy. Plaintiff concedes that the law in effect at the time the policy was issued did not require notice to the mortgage holder. Plaintiff also acknowledges the general rule that statutory amendments are to be applied prospectively. She maintains, however, that the amendment at issue is merely procedural or affects only the remedy and may therefore be applied retroactively under an established exception to the prospective-application rule.

Initially, we note that the cases holding that the requirements of notice to the insured and notice to the mortgagee represent separate obligations have reached this result regardless of whether the requirement arose from the policy language, a statute, or both. The result would not necessarily change even if the statutory amendment applied, but we hold that it does not.

In the absence of express language to the contrary, an amendatory act is ordinarily applied prospectively. (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 390.) New laws should not be construed so as to affect rights accrued under prior law. (*Wilson-Raymond Constructors Co. v. Industrial Comm'n* (1980), 79 Ill. 2d 45, 53.) Whatever version of a statute is in effect at the time the policy is delivered or renewed determines any questions arising thereunder. (*Coronado v. Fireman's Fund Insurance Co.* (1985), 131 Ill. App. 3d 450, 453.) Statutory provisions in existence at the time the policy is issued are treated as part of the policy. *Weisberg v. Royal Insurance Co.* (1984), 124 Ill. App. 3d 864, 868.

Here, the version of section 143.14 which was in effect when the policy was issued did not require notice to the mortgagee. That provision became part of the contract. Plaintiff's argument that the amendment relates merely to procedure is not persuasive.

Generally, procedural statutes are those which prescribe methods of enforcing rights and embrace pleading, evidence and practice, " '*i.e.*, legal rules which direct the means to bring parties into court or the manner in which the court process shall proceed.' " (*Royal Imperial Group, Inc. v. Joseph Blumberg & Associates, Inc.* (1992), 240 Ill. App. 3d 360, 364, quoting *Ores v. Kennedy* (1991), 218 Ill. App. 3d 866, 871.) A rule must be considered substantive where it makes one a party to a suit, whereas a rule must be considered procedural where it merely facilitates suit against a party. *Royal Imperial Group*, 240 Ill. App. 3d at 364.

The statute in question clearly defines the substantive rights of the parties, not merely the mechanism for enforcing those rights. Therefore, we find no reason to depart from the general rule of prospective application.

As we have disposed of this matter on the first two issues, we do not reach the question whether the evidence creates an issue of fact regarding the mailing of notice to the bank. This issue is immaterial to the cancellation of the policy against the insured.

For the foregoing reasons, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

McLAREN and QUETSCH, JJ., concur.