Rule 23 Order filed
 NO. 5-99-0468

February 16, 2001;

Motion to publish granted
 IN THE

April 4, 2001.

Opinion filed
 APPELLATE COURT OF ILLINOIS

April 4, 2001.

FIFTH DISTRICT

___________________________________________________________________________

AMERICAN STANDARD INSURANCE ) Appeal from the

COMPANY OF WISCONSIN, ) Circuit Court of

 ) Madison County.  

Plaintiff, )

v. ) 

)

RICHARD S. GNOJEWSKI, ESTATE OF )

PAMELA GNOJEWSKI, Deceased, ESTATE )

OF JOSEPH FRASIER, Deceased, and )

MICHAEL FALCETTI, )

)

Defendants. )

----------------------------------------------------------) No. 96-MR-362

MELVIN FRASIER, Administrator of the )

Estate of Joseph Frasier, Deceased, and )

MICHAEL FALCETTI, )

)

Third-Party Plaintiffs-Appellees, )

)

)

GALLANT INSURANCE COMPANY,   )

f/k/a ALLIED AMERICAN INSURANCE )

COMPANY, ) Honorable David R. Herndon and

) Honorable Ann Callis,

Third-Party Defendant-Appellant. ) Judges, presiding.  

___________________________________________________________________________

JUSTICE GOLDENHERSH delivered the opinion of the court:

The third-party defendant, Gallant Insurance Company (Gallant), appeals the May 7, 1999, summary judgment order denying its motion for summary judgment and granting the motion for summary judgment of the third-party plaintiffs, Melvin Frasier, administrator of the estate of Joseph Frasier (Frasier), and Michael Falcetti.  The trial court found that Gallant had a duty to defend the underlying action and failed to discharge its duty to defend.  Gallant filed a motion to reconsider, which was denied on June 29, 1999.  Gallant filed a timely notice of appeal on July 9, 1999.  On appeal, Gallant presents three issues for review: (1) whether the Illinois Insurance Code (215 ILCS 5/1 
et seq.
 (West 1994)) requires an insurer who cancels an insurance policy for the nonpayment of a premium to notify lienholders actually unknown to the insurer, (2) whether an insurer is required to obtain a declaratory judgment as to its obligations under a policy or to defend under a reservation-of-rights approach where the policy was canceled prior to the loss without notice to a potential lienholder, and (3) whether there can be a question as to the existence of insurance coverage, or a potential for coverage, where the subject policy was canceled prior to the loss without notice to a potential lienholder.  For the reasons that follow, the judgment of the trial court is affirmed.

I.  FACTS

On March 23, 1995, Pamela Gnojewski signed and submitted an application for an automobile insurance policy to be issued by Gallant.  The application covered three separate automobiles owned by Gnojewski:  (1) a 1992 Chevrolet S10 pickup truck, (2) a 1992 Chevrolet Cavalier, and (3) a 1991 Ford Escort GT.  The policy coverage was to run for six months, from March 24, 1995, through September 24, 1995.  The total premium due for coverage on all three automobiles for the six-month policy period was $1,227.  Gnojewski submitted with her application a down payment in the amount $478.  Additional premium payments were to be due on April 24, 1995, on May 24, 1995, and on June 24, 1995.  However, the only premium payment ever received by Gallant was the initial payment of $478, which was submitted with the application.

On May 26, 1995, Gallant mailed a notice of cancellation to Gnojewski informing her that coverage under the insurance policy would be canceled effective June 10, 1995, due to the nonpayment of the premium.

On August 1, 1995, Frasier was a passenger in the 1991 Ford Escort GT owned and operated by Gnojewski.  Gnojewski’s automobile was involved in an accident with an automobile driven by Falcetti.  As a result of the accident, both Gnojewski and Frasier were killed.  Falcetti was injured but survived.

On November 28, 1995, Frasier’s estate filed a lawsuit against Gnojewski’s estate in Madison County, alleging that Gnojewski’s negligence proximately caused Frasier’s death.  Falcetti later intervened in that lawsuit, alleging that Gnojewski’s negligence proximately caused his injuries.  Gallant declined to defend Gnojewski’s estate in that action, based upon its cancellation of Gnojewski’s automobile insurance policy for the nonpayment of the premium on June 10, 1995, approximately seven weeks prior to the accident.

On June 10, 1996, American Standard Insurance Company of Wisconsin (American Standard) filed a complaint for declaratory judgment naming as the defendants, Gnojewski’s estate, Frasier’s estate, and Falcetti.  In that complaint American Standard sought a declaration that it had no obligation or duty to provide a defense or coverage to Gnojewski’s estate under an automobile insurance policy it had previously issued to Gnojewski’s surviving husband, Richard S. Gnojewski.  American Standard filed a motion for summary judgment asserting that, under the terms of the policy it had issued to Richard S. Gnojewski, Pamela Gnojewski was not an "insured person" and, therefore, her estate was not entitled to coverage or a defense.  Frasier’s estate filed a cross-motion for summary judgment, arguing that American Standard had waived any policy defenses by failing to defend the underlying action.  Judge David R. Herndon granted American Standard’s motion for summary judgment, finding that no coverage existed for Pamela Gnojewski on the American Standard policy and that there was no duty to defend.  Judge Herndon specifically rejected the argument of Frasier’s estate that American Standard had waived its policy defenses by not defending the underlying action, noting that the accident involving Gnojewski was "something clearly not within its policy responsibility."

On November 21, 1996, just four days before granting American Standard’s motion for summary judgment, the trial court granted Frasier’s estate’s motion for leave to file a third-party claim for declaratory judgment against Gallant, seeking a declaration that the automobile insurance policy issued by Gallant to Gnojewski obligated Gallant to provide coverage to Gnojewski’s estate for the underlying wrongful death lawsuit filed by Frasier’s estate against Gnojewski’s estate.  Falcetti later filed a similar third-party claim for declaratory judgment against Gallant, seeking a declaration that the automobile insurance policy issued by Gallant to Gnojewski obligated Gallant to provide coverage to Gnojewski’s estate for Falcetti’s underlying personal injury lawsuit filed by Falcetti against Gnojewski’s estate.

In the third-party complaints for declaratory judgment, both Frasier’s estate and Falcetti argued that the automobile insurance policy issued by Gallant to Gnojewski did not lapse prior to the August 1, 1995, automobile accident, because of Gallant’s failure to provide notice of cancellation to Laclede Credit Union (Laclede), which perfected its lien interest in Gnojewski’s 1991 Ford Escort GT pursuant to section 3-202 of the Illinois Vehicle Code (625 ILCS 5/3-202 (West 1994)).  The complaints alleged that the failure to notify Laclede rendered the cancellation ineffective and that, as a result, the policy was still in effect at the time of the August 1, 1995, automobile accident.

Gallant responded to the third-party complaints by asserting that the June 10, 1995, policy cancellation was proper according to section 143.14(a) of the Illinois Insurance Code (215 ILCS 5/143.14(a) (West 1994)).  Gallant noted that the requirement of mailing notices of cancellation to mortgagees or lienholders applied not to all lienholders, as alleged by the third-party plaintiffs, but only to those mortgagees or lienholders "if known" to an insurer.  Gallant argued that the application for the Gallant insurance policy signed by Gnojewski contained a section entitled "loss payee," which was left blank by Gnojewski when the application was submitted to Gallant.  Gallant claimed that, as a result, it was unaware of any lienholders with regard to Gnojewski’s 1991 Ford Escort GT.

After discovery, Gallant filed a motion for summary judgment based upon its contention that the policy had been canceled effective June 10, 1995.  Both Frasier’s estate and Falcetti filed cross-motions for summary judgment, which raised a new argument that even if the policy was canceled effective June 10, 1995, Gallant nevertheless had a duty to defend the Gnojewski estate because at the time the estate’s defense was tendered to Gallant, a question existed as to whether the policy was properly canceled.  On May 7, 1999, the trial court entered an order denying Gallant’s motion for summary judgment and granting the motions for summary judgment of Frasier’s estate and Falcetti.  Gallant’s motion to reconsider was denied.  The trial court ruled:  "[W]hether or not the policy was properly and effectively canceled remains a disputed question.  Therefore, a duty to defend was triggered when the potentiality for coverage, albeit minimal, became apparent to the insurer."

II.  ANALYSIS

Gallant argues that the doctrine of estoppel does not apply in this case because no coverage existed.  Gallant contends that it canceled the insurance policy on May 26, 1995, by issuing to Gnojewski notice of termination of the 1991 Ford Escort GT insurance policy effective June 10, 1995.  Gallant claims that, because the accident occurred on August 1, 1995, Gnojewski was not insured on the date of the accident.  Conversely, Frasier’s estate and Falcetti argue that cancellation of the policy was ineffective because Gallant failed to also notify Laclede, a lienholder with a perfected secured interest in the 1991 Ford Escort GT, of the impending cancellation.  Frasier's estate and Falcetti contend that the failure of Gallant to supply the notification owed to Laclede injured Laclede by not giving it a chance to maintain the policy covering the 1991 Ford Escort GT and does not constitute notice of cancellation under section 143.14(a) of the Illinois Insurance Code (215 ILCS 5/143.14(a) (West 1994)).

Gallant contends that it complied with the Illinois Insurance Code as to notice of cancellation.  See 215 ILCS 5/143.14(a) (West 1994).  According to section 143.15 of the Illinois Insurance Code, notice of cancellation must be given to the insured at least 30 days prior to the effective date of cancellation or, if the cancellation is based upon the insured’s failure to pay the premium, then 10 days' notice is required.  215 ILCS 5/143.15 (West 1994).  Gallant, therefore, complied with the time requirements of cancellation as to Gnojewski as it is undisputed that Gnojewski failed to make her premium payments and had 14 days' notice prior to the cancellation’s effective date.  However, Frasier’s estate and Falcetti contend that Gallant did not comply with section 143.14(a) as to notifying a "mortgagee or lienholder, if known ***" (215 ILCS 5/143.14(a) (West 1994)).  The crux of the issue is the phrase, "if known."  Gallant argues that the phrase plainly means actual knowledge.  Gallant claims that since Gnojewski failed to list any parties with an interest in the 1991 Ford Escort GT in the "loss payee" portion of the insurance application, Gallant did not have actual knowledge of the lienholder and was not required to provide notice.  Frasier’s estate and Falcetti argue that the phrase "if known" should be construed to include constructive notice.  They argue that Laclede is a perfected secured party and that Illinois public policy favors allowing notice to parties who have perfected a security interest so they can protect their insurable interest.  See 
Ellegood v. American States Insurance Co.
, 266 Ill. App. 3d 135, 138, 638 N.E.2d 1193, 1195 (1994).  Thus, they argue, Gallant should have checked the public records, discovered Laclede’s interest, and notified them of the cancellation.

Frasier’s estate and Falcetti argue that the notice was ineffective and, therefore, coverage still existed, thus activating the doctrine of estoppel for Gallant’s failure to defend under a reservation-of-rights approach or, in the alternative, to seek a declaratory judgment.  Gallant argues that "if known" should be construed to mean actual knowledge.  They reason that public policy should favor the procedure of the insured listing any lienholders on the insurance application.  Gallant explains that the insured has the requisite knowledge and should be held accountable.  If not, insurance companies must expend resources to check public records to discover lienholders, and these costs will be transferred to the public in higher insurance premiums.  Gallant argues that if actual knowledge is accepted by the court, then cancellation was proper and Gallant owes no duty to defend.  Gallant concludes that without a duty to defend there can be no breach of said duty and that estoppel is inapplicable because the doctrine of estoppel is rooted in the breach of the duty to defend.  See 
Employers Insurance of Wausau v. Ehlco Liquidating Trust
, 186 Ill. 2d 127, 151, 708 N.E.2d 1122, 1135 (1999); 
Chandler v. Doherty
, 299 Ill. App. 3d 797, 804, 702 N.E.2d 634, 639 (1998).  On the other hand, Frasier’s estate and Falcetti argued, and the trial court agreed, that the definition of "if known" is an open question.  The mere discussion of these arguments indicates the potential for coverage, and Gallant must take some action, such as defend the underlying suit under a reservation-of-rights approach or seek a declaratory judgment relieving it of liability.

The standard for review on a trial court’s granting of summary judgment is 
de novo
.  See 
In re Estate of Hoover
, 155 Ill. 2d 402, 411, 615 N.E.2d 736, 740 (1993); 
Crum & Forster Managers Corp. v. Resolution Trust Corp.
, 156 Ill. 2d 384, 390, 620 N.E.2d 1073, 1077 (1993); 
Morris v. Margulis
, 307 Ill. App. 3d 1024, 1032, 718 N.E.2d 709, 716 (1999), 
appeal allowed
, 187 Ill. 2d 571, 724 N.E.2d 1269 (2000).  The reviewing court must examine the affidavits, pleadings, admissions, and depositions on file, and it should construe the evidence against the moving party.  See 
Hoover
, 155 Ill. 2d at 410, 615 N.E.2d at 739-40; 
Morris
, 307 Ill. App. 3d at 1032, 718 N.E.2d at 716.  A summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  See 
Crum & Forster Managers Corp.
, 156 Ill. 2d at 390-91, 620 N.E.2d at 1077; 
Morris
, 307 Ill. App. 3d at 1032, 718 N.E.2d at 716.

The general rule of the estoppel doctrine states that a complaint alleging facts which potentially could give rise to coverage under the policy triggers a duty to defend on the part of the insurer that cannot be simply denied by the insurer.  See 
Ehlco
, 186 Ill. 2d at 150, 708 N.E.2d at 1134 (1999); 
Chandler
, 299 Ill. App. 3d at 804, 702 N.E.2d at 639.  On the contrary, the insurer has two options if it believes that it does not, and will not, owe coverage:  (1) defend the underlying lawsuit under a reservation-of-rights approach or (2) seek a declaratory judgment relieving it of liability.  See 
Ehlco
, 186 Ill. 2d at 150, 708 N.E.2d at 1134-35; 
State Farm Fire & Casualty Co. v. Martin
, 186 Ill. 2d 367, 371, 710 N.E.2d 1228, 1230-31 (1999); 
Chandler
, 299 Ill. App. 3d at 801, 702 N.E.2d at 637.  If the insured fails to take either of these two steps, then the insurer is estopped from asserting any policy defenses to coverage.  See 
Ehlco
, 186 Ill. 2d at 150, 708 N.E.2d at 1134-35; 
Martin
, 186 Ill. 2d at 150-51, 710 N.E.2d at 1231; 
Chandler
, 299 Ill. App. 3d at 804, 702 N.E.2d at 639.

The estoppel doctrine is a product of the contractual relationship between an insurer and an insured and arises when an insurer breaches its duty to defend.  See 
Ehlco
, 186 Ill. 2d at 151, 708 N.E.2d at 1135.  The court must inquire whether a duty to defend exists and whether the insurer breached said duty.  See 
Ehlco
, 186 Ill. 2d at 151, 708 N.E.2d at 1135; 
Clemmons v. Travelers Insurance Co.
, 88 Ill. 2d 469, 475-78, 430 N.E.2d 1104, 1107-09 (1981).  The estoppel doctrine is not applicable when there is no duty to defend or the duty was not properly triggered.  See 
Ehlco
, 186 Ill. 2d at 151, 708 N.E.2d at 1135.  Examples of these situations are where the insurer did not have an opportunity to defend, there was no policy in existence, or the complaint, as compared to the policy, clearly demonstrates no potential for coverage.  See 
Ehlco
, 186 Ill. 2d at 151, 708 N.E.2d at 1135.  A combination of the last two exceptions to the estoppel doctrine are the essence of Gallant’s argument.

Gallant argues that because of the proper cancellation of the policy covering the 1991 Ford Escort GT effective June 10, 1995, no policy existed at the time of the accident.   Gallant’s argument continues that because of said cancellation the underlying complaint instituted by Frasier’s estate and Falcetti clearly do not give rise to the potential for coverage.  Frasier’s estate and Falcetti point to circumstances that at least rise to the potential for coverage.  Frasier’s estate and Falcetti argue that cancellation was ineffective due to Gallant’s failure to notify Laclede.  Frasier’s estate and Falcetti point to intraoffice memorandums indicating at the least a discussion among Gallant’s employees as to whether coverage existed.  Frasier’s estate and Falcetti argue that this is not a case where no policy is in existence but rather is a dispute as to precisely that question.  Since a dispute exists, Gallant must exercise one of two options: (1) defend the underlying lawsuit under a reservation-of-rights approach or (2) seek a declaratory judgment relieving it of liability.  If not, the estoppel doctrine is triggered, and Gallant is barred from asserting policy defenses to coverage.

The issue of proper notification of cancellation revolves around the definition of the phrase "if known" in sections 143.14(a) and 143.15.  No Illinois court has addressed this issue.  The primary rule of statutory construction is to follow the legislative intent.  See 
Denton v. Civil Service Comm'n
, 176 Ill. 2d 144, 148, 679 N.E.2d 1234, 1236 (1997); 
Presley v. P & S Grain Co.
, 289 Ill. App. 3d 453, 462, 683 N.E.2d 901, 909 (1997).  The words in a statute should be given their plain and ordinary meaning.  See 
Denton
, 176 Ill. 2d at 148, 679 N.E.2d at 1236; 
Presley
, 289 Ill. App. 3d at 462, 683 N.E.2d at 909.  A statute is ambiguous if it is susceptible to more than one meaning, and if so, the courts look to other aids to ascertain the intent of the legislature.  See 
Denton
, 176 Ill. 2d at 149, 679 N.E.2d at 1236; 
Presley
, 289 Ill. App. 3d at 462, 683 N.E.2d at 909.  In this case, both parties present arguments as to the definition of "if known."  Gallant argues that "if known" simply means known to the insurer, or actual knowledge.  Frasier’s estate and Falcetti define it as constructive notice, because of the public policy favoring parties who secure their interest.  See 
Ellegood v. American States Insurance Co.
, 266 Ill. App. 3d 135, 138, 638 N.E.2d 1193, 1195 (1994).  The key to this case is that this is a disputed question.  Therefore, there is a potentiality for coverage because cancellation may have been ineffective.  Gallant cannot ignore the underlying complaint and should have either defended under a reservation-of-rights approach or sought a declaratory judgment relieving it of liability.  See 215 ILCS 5/143.15 (West 1994).  

The trial court agreed with the argument of Frasier’s estate and Falcetti that a dispute remains as to whether Gallant properly canceled the policy.  The trial court wrote in its June 29, 1999, order: "Therefore, a duty to defend was triggered when the potentiality for coverage, albeit minimal, became apparent to the insurer.  Thus, the insurer is estopped from contesting coverage."  This is consistent with the rule that the duty to defend is much broader than an insurer’s duty to indemnify.  See 
Ehlco
, 186 Ill. 2d at 151-52, 708 N.E.2d at 1135; 
Chandler
, 299 Ill. App. 3d at 801, 702 N.E.2d at 637.  It is irrelevant whether an insurer would have prevailed had it taken one of the two proper procedures; once the duty to defend has been breached, the estoppel doctrine is activated.  See 
Ehlco
, 186 Ill. 2d at 151-52, 708 N.E.2d at 1136; 
Chandler
, 299 Ill. App. 3d at 804, 702 N.E.2d at 638.  " '[T]he insurer is obliged to defend its insured even if the allegations are groundless, false, or fraudulent.' "  
Ehlco
, 186 Ill. 2d at 153, 708 N.E.2d at 1136 (quoting 
United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.
, 144 Ill. 2d 64, 73, 578 N.E.2d 926, 930 (1991)).  The underlying complaint and the policy must be liberally construed in the favor of the insured to determine if the face of the underlying complaint constitutes the potential for coverage under the policy.  See 
Ehlco
, 186 Ill. 2d at 153, 708 N.E.2d at 1136.  An insurer may be required to defend a suit even though it may not be held to indemnify the insured.  See 
Chandler
, 299 Ill. App. 3d at 801, 702 N.E.2d at 637.

Gallant argues, in the alternative, that the law in Illinois states that even if cancellation was not effective on Laclede, cancellation was still effective on the insured if notification of cancellation was proper on the insured.  See 
Economy Fire & Casualty Co. v. Hughes
, 271 Ill. App. 3d 1009, 1013, 649 N.E.2d 561, 563 (1995); 
Ellegood
, 266 Ill. App. 3d at 137, 638 N.E.2d at 1195.  While an accurate statement of the law, this argument should have been made in either a defense with a reservation of rights or a declaratory judgment.  The insured’s policy may or may not be in existence, and the insurer must take one of the two steps of defending under a reservation of rights or seeking declaratory judgment.

We hold that the dispute as to whether or not proper cancellation took place according to section 143.14(a) of the Illinois Insurance Code generates the potential for coverage.  Gallant should have either filed a declaratory judgment relieving it of liability or defended the suit under a reservation-of-rights approach.  Gallant is estopped from asserting policy defenses to coverage.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

RARICK and KUEHN, JJ., concur.

                                      NO. 5-99-0468

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

AMERICAN STANDARD INSURANCE ) Appeal from the

COMPANY OF WISCONSIN, ) Circuit Court of

 ) Madison County.  

Plaintiff, )

v. ) 

)

RICHARD S. GNOJEWSKI, ESTATE OF )

PAMELA GNOJEWSKI, Deceased, ESTATE )

OF JOSEPH FRASIER, Deceased, and )

MICHAEL FALCETTI, )

)

Defendants. )

----------------------------------------------------------) No. 96-MR-362

MELVIN FRASIER, Administrator of the )

Estate of Joseph Frasier, Deceased, and )

MICHAEL FALCETTI, )

)

Third-Party Plaintiffs-Appellees, )

)

)

GALLANT INSURANCE COMPANY,   )

f/k/a ALLIED AMERICAN INSURANCE )

COMPANY, ) Honorable David R. Herndon and

) Honorable Ann Callis,

Third-Party Defendant-Appellant. ) Judges, presiding.  

___________________________________________________________________________________

Rule 23 Filed:
 February 16, 2001

Motion to Publish Granted:
 April 4, 2001

Opinion Filed
: April 4, 2001

___________________________________________________________________________________

Justices
: Honorable Richard P. Goldenhersh, J.

Honorable Philip J. Rarick, J., and

Honorable Clyde L. Kuehn, J.,

Concur

___________________________________________________________________________________

Attorneys
 William D. Shultz, Jr., Kurowski & Bailey, P.C., 24 Bronze Pointe, Swansea, IL

for
 62226; Mr. Edward J. Kionka, 220 Lesar Law Building, P.O. Box 10, Carbondale, 

Appellant
 IL 62903 (for Gallant Insurance Company)

___________________________________________________________________________________

Attorneys
 Lanny H. Darr, Coppinger, Carter, Schrempf & Blaine, Ltd., 307 Henry Street,

for
 Suite 415, Alton, IL 62002; David Hesi, Wiseman, Shaikewitz, McGivern, 
et al.
, 

Appellees
 3517 College Avenue, Alton, IL 62002; Tom W. Chapman, Calvo & Mateyka, 1517

20
th
 Street, Granite City, IL 62040 (for Melvin Frasier and Michael Falcetti)

___________________________________________________________________________________