VALOR INSURANCE COMPANY, Plaintiff-Appellee, v. ANNIE WALLACE, Adm'x of the Estate of Beatrice Ann Williams, a/k/a Marie Williams, Defendant-Appellant.

First District (2nd Division) No. 1—98—2802

Opinion filed December 7, 1999.

Marcia Gevers, of Flossmoor, for appellant.

Bernard W. Moltz & Associates, of Chicago, for appellee.

JUSTICE McBRIDE delivered the opinion of the court:

Plaintiff Valor Insurance Company (Valor) brought suit against defendant Annie Wallace (Wallace), administratrix of the estate of Beatrice Ann Williams, a/k/a Marie Williams, seeking a declaration that it had no obligation under an automobile insurance policy to indemnify or defend Walter Hornik in an underlying cause. Following a hearing on cross-motions for summary judgment, the trial court denied Wallace's motion and granted summary judgment for Valor. Wallace now appeals, contending that because there was a material issue of fact, the trial court erred in granting Valor's motion for summary judgment. Wallace also contends that the court erred in denying her motion for summary judgment where Valor had failed to maintain proof of cancellation of Hornik's insurance policy and had failed to make a reservation of rights.

The record on appeal consists entirely of pleadings. There is no transcript of the hearing on the cross-motions for summary judgment or of any other proceeding.

Walter Hornik at one time had an automobile insurance policy (policy) with Valor (then known as Hallberg Direct Insurance Company). The record includes a copy of a November 4, 1994, letter

from Valor informing Hornik that his policy was being cancelled as of December 9, 1994, due to his accident record. Copied onto the lower right-hand corner of the letter is the corner of an envelope showing a United States postage meter mark and cancellation stamp from the Park Ridge, Illinois, United States postal facility. Both the meter mark and cancellation stamp are dated November 4, 1994.

On January 2, 1995, Walter Hornik was in an automobile accident that killed his passenger, Beatrice Ann Williams. Defendant Wallace, the administratrix of Williams' estate, filed a wrongful death and negligent entrustment action against Hornik and his wife, Danuta, the owner of the vehicle, in March 1996. On May 28, 1996, Valor sent a letter to Walter Hornik informing him that coverage for the accident was denied because his policy had been cancelled effective December 9, 1994. However, Valor admits that it appointed attorneys in August 1996 to undertake defense of the Horniks in the underlying cause. In October 1996, Valor filed a declaratory judgment action seeking a finding that it was not obligated to defend the Horniks under a certain policy issued to Danuta Hornik. That policy is not the policy at issue before this court on appeal. In July 1997, Valor filed an amended complaint for declaratory judgment adding a claim that it was not obligated to defend the Horniks under a policy issued to Walter Hornik (the policy at issue on appeal), because the policy had been cancelled prior to the accident due to Walter's unsafe driving record.

Wallace, in turn, filed a motion for summary judgment alleging that Valor had not effectively cancelled Walter Hornik's policy because it had failed to maintain proof of mailing as required by law and was estopped from denying coverage because it had not filed a reservation of rights or given Hornik the opportunity to obtain his own counsel.

On July 17, 1998, the trial court entered an order denying Wallace's motion for summary judgment and granting Valor's motion, finding that Valor had no duty to indemnify Hornik because Hornik's automobile insurance policy had been properly cancelled prior to the accident.

■ Defendant Wallace contends that the trial court erred in granting summary judgment for Valor and in denying her own motion for summary judgment. Summary judgment is appropriate if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2—1005(c) (West 1996). Where reasonable persons could draw divergent inferences from undisputed material facts or a dispute as to a material fact exists, summary judgment should be denied. *Allstate Insurance Co. v. Smiley*, 276 Ill. App. 3d 971, 977, 659 N.E.2d

1345 (1995). The standard of review on appeal from a grant of summary judgment is *de novo*. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102, 607 N.E.2d 1204 (1992).

The parties agree that the only proof of cancellation before the trial court was the letter of cancellation, with a corner of an envelope showing a United States Post Office meter stamp and cancellation stamp copied onto the lower right-hand corner. Both stamps are from the Park Ridge, Illinois, United States postal facility and are dated November 4, 1994.

■ The parties disagree as to whether the cancellation notice sent by Valor complies with section 143.14(a) of the Illinois Insurance Code. 215 ILCS 5/143.14(a) (West 1996). Section 143.14(a) states:

> "No notice of cancellation of any policy of insurance, to which Section 143.11 applies, shall be effective unless mailed by the company to the named insured and the mortgage or lien holder, at the last mailing address known by the company. The company shall maintain proof of mailing of such notice on a recognized U.S. Post Office form or a form acceptable to the U.S. Post Office or other commercial mail delivery service." 215 ILCS 5/143.14(a) (West 1996).

The Illinois Supreme Court's decision in *Ragan v. Columbia Mutual Insurance Co.*, 183 Ill. 2d 342, 701 N.E.2d 493 (1998), controls the outcome of this appeal. However, because *Ragan* was decided subsequent to the trial court's grant of summary judgment in the instant cause, we will briefly discuss the conflicting lines of authority that led up to the *Ragan* decision.

In the first district case *Kolias v. State Farm Mutual Automobile Insurance Co.*, 148 Ill. App. 3d 1086, 500 N.E.2d 502 (1986), the plaintiffs argued that defendant State Farm had not effectively cancelled an automobile insurance policy where it failed to produce proof of mailing upon the form required in section 143.14(a). The trial court, relying in part on State Farm's inability to produce the post office form, entered judgment against State Farm. *Kolias*, 148 Ill. App. 3d at 1089. On appeal, the *Kolias* court held that, although no such form had been introduced, "the statute fails to indicate that proof of mailing cannot be shown by other methods." *Kolias*, 148 Ill. App. 3d at 1090. The court thus concluded that the trial court's "restrictive" interpretation of section 143.14 as requiring State Farm to produce the post office form was incorrect. *Kolias*, 148 Ill. App. 3d at 1092. Instead, proof of State Farm's customary mailing practices, in conjunction with other evidence, was sufficient to establish State Farm's compliance with section 143.14. *Kolias*, 148 Ill. App. 3d at 1090-92.

The fourth district reached a similar result in *Bates v. Merrimack*

*Mutual Fire Insurance Co.*, 238 Ill. App. 3d 1050, 605 N.E.2d 626 (1992). In *Bates*, there were defects in the post office's preparation of its form regarding mailing of the cancellation notice at issue. The *Bates* court, in finding that compliance with section 143.14 had been adequately established, relied on *Kolias* for the proposition that evidence of mailing practices was enough to satisfy the statutory requirements of section 143.14(a). *Bates*, 238 Ill. App. 3d at 1053-54.

A contrary result was reached by the third district in *Economy Fire & Casualty Co. v. Hughes*, 271 Ill. App. 3d 1009, 649 N.E.2d 561 (1995). There, the court noted that subsequent to the decision in *Kolias*, the legislature had added language to section 143.14(a). *Hughes*, 271 Ill. App. 3d at 1013. The amended version of section 143.14(a) allowed the proof of mailing required by the section to be maintained, not just on a recognized United States Post Office form, but also on a form " 'acceptable to the U.S. Post Office or other commercial mail delivery service.' " (Emphasis omitted.) *Hughes*, 271 Ill. App. 3d at 1013. Because the legislature, when amending the statute, could have provided for a proof of mailing methodology as set forth in *Kolias* but failed to do so, the court found that the "clear legislative intent of section 143.14(a) in regard to proof of mailing notices of cancellation is to permit such proof to be established only by those methods enumerated in the plain language of [the] statute." *Hughes*, 271 Ill. App. 3d at 1013-14. Accordingly, the *Hughes* court disavowed "the *Kolias* court's attempt to overlook the plain language of the statute and read into it methods of proof of mailing which were not provided for by our legislature." *Hughes*, 271 Ill. App. 3d at 1013.

Finally, the fifth district, in *Ragan v. Columbia Mutual Insurance Co.*, 291 Ill. App. 3d 1088, 1098, 684 N.E.2d 1108 (1997), *aff'd*, 183 Ill. 2d 342, 701 N.E.2d 493 (1998), after discussing the decisions in *Kolias*, *Bates*, and *Hughes*, followed the "well-reasoned decision" in *Hughes* in holding that where no proof-of-mailing form was introduced, the defendant insurer had failed to meet the statutory requirements of section 143.14(a). The fifth district's decision in *Ragan* was subsequently appealed.

At the time summary judgment was granted by the trial court in the instant cause, *Kolias* was the controlling first district precedent and there was a split in the districts regarding the proper interpretation of section 143.14(a). However, two months after the grant of summary judgment, the Illinois Supreme Court affirmed the fifth district's decision in *Ragan* and effectively overruled the *Kolias* court's holding that proof of mailing under section 143.14(a) could be shown by evidence other than the form specified in the statute. *Ragan v. Columbia Mutual Insurance Co.*, 183 Ill. 2d 342, 701 N.E.2d 493 (1998). *Ragan*, not *Kolias*, is thus controlling here.

In *Ragan*, defendant Columbia Mutual was asked to produce proof of mailing of a cancellation notice as required by section 143.14(a). Columbia produced what it alleged to be the original envelope, containing a cancellation notice. The envelope was metered and imprinted with a dated cancellation stamp, addressed to the plaintiff and was marked returned as undeliverable. Summary judgment was granted for the plaintiff. Columbia Mutual then filed a motion to reconsider and sought to introduce a copy of an unsigned form entitled "certificate of mailing," listing the cancellation letter to plaintiff and the date it was sent. The circuit court denied Columbia's motion to reconsider.

■ In *Ragan*, the supreme court noted that in order to determine whether summary judgment was properly granted, it must first determine "whether, under [section 143.14(a)], an insurance company must introduce evidence of mailing the cancellation notice on the proof of mailing form required by the statute or whether it may prove compliance with the statute through introduction of other evidence." *Ragan*, 183 Ill. 2d at 349. The court noted that the legislature had sought to strike a balance between the interest of the insured in being informed his policy had been cancelled and the burden on an insurance company to prove receipt of the cancellation by the insured. *Ragan,* 183 Ill. 2d at 351. In striking a balance between insured persons and insurers, the legislature had given insurance companies a "very low threshold of proof" relating to the mailing of cancellation notices, requiring only that the insurer show proof of mailing on a recognized United States Post Office form or form acceptable to the United States Post Office or other commercial mail delivery service. *Ragan*, 183 Ill. 2d at 351-52. The court then held that a finding that "the statute implicitly allows an insurance company to use other evidence to show that it maintained the proof of mailing when the statute explicitly requires it to maintain such a form would disturb the balance that the legislature sought to achieve in enacting [section 143.14]." *Ragan*, 183 Ill. 2d at 352. Finding that Columbia had many opportunities to introduce the required form but had failed to do so, the court declared that Columbia's attempted cancellation was ineffective and summary judgment in favor of the insured was therefore proper. *Ragan*, 183 Ill. 2d at 352.

■ Here, Valor contends that its cancellation letter with the meter and cancellation stamps copied onto it represents a "recognized U.S. Post Office form or a form acceptable to the U.S. Post Office or other commercial mail delivery service." 215 ILCS 5/143.14(a) (West 1996). We disagree. The trial court, in granting summary judgment in favor of Valor, found that Valor had "properly cancelled the subject insurance policy" prior to the accident. The trial court, however, did not

have the benefit of the supreme court's opinion in *Ragan*. Where a metered, dated, addressed envelope and enclosed cancellation letter failed to meet the statutory requirements of section 143.14(a) in *Ragan*, a copy of the corner of an envelope, without even an address, is insufficient here. Thus, Valor has failed to show that it maintained proof of mailing of the cancellation notice on a recognized United States Post Office form or a form acceptable to the United States Post Office or other commercial mail delivery service. Where no such form has been maintained, the attempted cancellation of the policy was ineffective and the trial court's finding that Valor had properly cancelled Hornik's policy was erroneous.

Accordingly, the trial court's grant of Valor's motion for summary judgment is reversed. Further, the court's denial of Wallace's motion for summary judgment is reversed and summary judgment is granted in favor of defendant Wallace on the issue of cancellation. In light of our holding, it is unnecessary to determine whether Valor properly reserved its rights in this cause.

Reversed.

COUSINS, P.J., and McNULTY, J., concur.